**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 13-09274 EAG |
| EDUARDO RUIZ VALENTIN, | CHAPTER 11 |
| DEBTOR. | FILED & ENTERED ON 07/03/2014 |

**OPINION AND ORDER**

Pending before the court are debtor's motion for reconsideration of an order lifting the automatic stay in favor of Banco Popular de Puerto Rico, Banco Popular's opposition thereto, and both parties' replies.  (Docket Nos. 66, 83, 87 & 89.)  For the following reasons, the court denies debtor's motion.

On November 6, 2013, Eduardo Ruiz Valentin filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[1]  (Docket No. 1.)  Banco Popular has submitted proof of claim number 11 in the amount of $9,171,436.63, of which $9,134,412.39 is claimed as secured.  (Claim No. 11-1.)   The bank's claim corresponds to moneys loaned to debtor, secured by liens on several of debtor's real properties.  Id.

On December 19, 2013, Banco Popular filed a motion to lift the automatic stay under section 362(d)(2).  (Docket No. 47.)  In his opposition, debtor stated only that he would try to

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

reach an agreement with the bank or make payments to cure the arrears within 30 days. (Docket No. 52.) The matter was set for a preliminary hearing, which was held on January 14, 2014. (Docket No. 62.) At the hearing, the court lifted the stay after finding both that debtor did not have any equity in Banco Popular's collateral, which he conceded, and that debtor had not shown that the collateral was necessary for an effective reorganization. Id. On January 25, 2014, debtor moved for reconsideration. (Docket No. 66.)

Generally, a motion for reconsideration under Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). Such motions cannot be used to re-litigate matters already decided by the court. Rubio, 2012 U.S. Dist. LEXIS 13578, at *3; see Marks 3 Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the ... court prior to judgment.").

In his motion for reconsideration, debtor does not specify under which legal basis he is requesting relief. (Docket No. 66.) Instead, he states only that he signed a purchase option agreement for the sale of 9 properties to a third property, that the third party agreed to lease several gas stations to debtor's son, and that debtor's son has, in turn, agreed to give debtor

2

$4,000.00 a month. Id. The court notes that debtor did not provide in his motion any evidence of the purchase option agreement with the third party or the agreement reached with his son, nor was evidence of either agreement presented at the hearing. (Docket Nos. 62, 63 & 66.) In any event, as Banco Popular points out in its opposition, the court already considered and rejected at the hearing debtor's reliance on a proposed sale to a third party as a basis for denying the bank's lift of stay motion. (Docket Nos. 62, 63 & 83 at p. 5.) In so doing, the court reasoned that even if such a sale were to take place, all proceeds would be paid to Banco Popular given that the bank's claim well exceeds the contemplated purchase price, meaning that no benefit would accrue to the estate. (Docket No. 63.) Indeed, the court found that given Banco Popular's significant undersecured claim, it would be very difficult, if not impossible, to confirm a reorganization plan without the bank's consent, leading the court to conclude that the property at issue was not necessary to an effective reorganization. Id. Therefore, to the extent debtor's request for reconsideration seeks to "reargue matters already properly disposed of by the court," the motion for reconsideration is denied on that basis. Rubio, 2012 U.S. Dist. LEXIS 135758, at *4.

In his reply, debtor raises in scattershot fashion a number of issues–some for the first time–in an attempt to show that debtor could confirm a plan over an objection by Banco Popular including, among other things, the absolute priority rule, the new value exception, and the section 1111(b) election. (Docket No. 87.) First off, the court finds several flaws with debtor's legal analysis. For instance, debtor does not sufficiently address how he may sell the properties free and clear of liens under section 363(f) without the bank's consent. Id.; see 11 U.S.C. § 363(f). Regardless, to the extent that the debtor's motion relies on new arguments not raised at

the hearing or in debtor's opposition to the motion to lift stay, it is denied on that basis, since motions for reconsideration are not vehicles to "advance new arguments that could or should have been presented" to the bankruptcy court prior to its ruling. Presstek, 455 F.3d at 15-16. Ultimately, even if the court were to take all of debtor's arguments into consideration, the court still finds that debtor has not demonstrated that it made a "manifest error of law," nor has debtor established any other permissible grounds for reconsideration. Rubio, 2012 U.S. Dist. LEXIS 135758, at *3.

Based on the foregoing, the court denies debtor's motion for reconsideration of the order lifting the stay in favor of Banco Popular. (Docket No. 66.)

In Ponce, Puerto Rico, this 3rd day of July 2014.

Edward A. Godoy
U.S. Bankruptcy Judge